IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL SPANN,

Plaintiff,

v.

AMERISTEP, INC., a corporation,
et al.,

Defendants.                                              No. 08-CV-99-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. INTRODUCTION

Now before the Court is a Motion to Remand filed by Plaintiff. (Doc. 14.) On September 7, 2006, Plaintiff filed an Amended Complaint alleging personal injury claims against Defendants in the Circuit Court of Madison County, Illinois.[1] Defendant Hindley Manufacturing Company, Inc. ("Hindley") received the Amended Complaint on September 22, 2006. On or about September 18, 2006, Plaintiff dismissed without prejudice his claims against Gordon Johnson d/b/a Ultra Products Ltd., the only non-diverse Defendant named in the suit. On October 23, 2006, Defendant Hindley filed a Notice of Removal and removed the matter to this Court

---

[1] Plaintiff states in his motion to remand that this matter was originally filed on May 12, 2006; (Doc. 14, ¶ 5) however, Defendant Hindley refers to and attaches only the amended complaint filed on September 7, 2006 in its Notice of Removal. For the Court's purpose here, both dates exceed the one-year limit on removal imposed by **28 U.S.C. § 1446(b)**.

1

on the basis of diversity jurisdiction, **28 U.S.C. § 1332**. (*See* Case No. 06-cv-811-DRH.) On April 30, 2007, Plaintiff filed an amended complaint adding Gordon Johnson d/b/a Ultra Products Ltd., an Illinois resident, as a Defendant. The addition of this Defendant destroyed diversity and Plaintiff promptly filed a motion to remand. The Court entered an order on June 4, 2007 remanding the case to state court. On January 11, 2008, Plaintiff voluntarily dismissed Gordon Johnson d/b/a Ultra Products Ltd. With complete diversity existing once again, Defendant Hindley filed a second Notice of Removal on February 12, 2008 and sought to remove this matter to this Court. On February 25, 2008, Plaintiff filed his Motion to Remand (Doc. 14) asserting that pursuant to **28 U.S.C. § 1446(b)** an action cannot be removed on the basis of **28 U.S.C. § 1332** more than one year after commencement of the action. Defendant Hindley responded in opposition (Doc. 27) arguing that the Court should make an exception to the general one-year rule based on the principles of equity and fair dealing. For the following reasons, the Court **GRANTS** the Motion to Remand. (Doc. 14.)

## II. <u>DISCUSSION</u>

### A. Legal Standard

A defendant may remove a case only if a federal district court would have original jurisdiction over the action. ***See* 28 U.S.C. § 1441; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)**.[2] Statutes providing for removal are

---

[2] In pertinent part, **28 U.S.C. § 1441** states:

2

construed narrowly, and doubts about removal are resolved in favor of remand. ***Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)**. The burden of establishing jurisdiction in the federal courts falls on the party seeking removal. ***Doe v. Allied Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)**.

In removing an action a defendant must also comply with the procedures outlined in **28 U.S.C. § 1446**. Pertinent to this particular motion, **28 U.S.C. § 1446(b)** provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

**B.   Arguments**

Plaintiff argues that this case was commenced more than one year prior to the filing of Defendant Hindley's Notice of Removal and, therefore, the removal is untimely pursuant to **Section 1446** and the case should be remanded to state court. Defendant Hindley concedes that the present Notice of Removal (Doc. 6) was filed

---

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending . . . .

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties . . . .

more than one year after commencement of this action, but argues that the Court should allow an exception to the general rule based on equitable considerations. Although Defendant Hindley never asserts that Ultra Products was fraudulently joined, it does seem to suggest that Plaintiff may have joined and dismissed Ultra Products solely for the purpose of avoiding federal jurisdiction.

**C. Analysis**

The plain language of the statute forbids removal of cases based on diversity that commenced in state court more than one year previously. The statute contains no exceptions to the one-year limitation. While it is true that some courts have recognized an exception based on equitable concerns, the Seventh Circuit has not addressed the issue, and this Court does not believe it would be appropriate to make an exception to the clear statutory language without guidance from the Seventh Circuit to do so. Furthermore, the Court finds the analysis behind the Eleventh Circuit's characterization of the one-year rule as a jurisdictional limitation persuasive:

> The Commentary to the 1988 Revision of 28 U.S.C. § 1446(b) shows that congress knew when it passed the one year bar on removal that some plaintiffs would attempt to defeat diversity by fraudulently (and temporarily) joining a non-diverse party. In that case, as long as there is some possibility that a non-diverse joined party could be liable in the action, there is no federal jurisdiction. But, under section 1446(b), if, after one year, the plaintiff dismisses the non-diverse defendant, the defendant cannot remove. So, a plaintiff could defeat jurisdiction by joining a non-diverse party and dismissing him after the deadline. Congress has recognized and accepted that, in some circumstances, plaintiff can and will intentionally avoid federal jurisdiction.

***Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097, n. 12 (11th Cir. 1994)**.

4

The Court agrees. There is no dispute that this matter was commenced over one year prior to Defendant Hindley's latest attempt to remove this case. Regardless of whether Plaintiff has maneuvered in such a way as to strategically avoid federal court, the Court holds that **section 1446** prohibits removals based on diversity one year after a case has commenced. Therefore, Plaintiff's motion to remand (Doc. 14) is **GRANTED** and the Court **REMANDS** this matter to the Circuit Court of Madison County, Illinois. Further, the Court **DIRECTS** the Clerk of the Court to notify the Clerk of the Madison County Circuit Court of this remand no sooner than ten days from the date of this Order and thereafter to close this Court's file.

**IT IS SO ORDERED.**

Signed this 24th day of April, 2008.

/s/    David R Herndon
**Chief Judge**
**United States District Court**